UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DANIEL C. ROSECRANS,** ) | **CASE NO.1:15CV0128** |
| ) | |
| *Plaintiff,* ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| Vs. ) | |
| ) | |
| **VILLAGE OF WELLINGTON, ET AL.,** ) | **OPINION AND ORDER** |
| ) | |
| *Defendant.* ) | |

**CHRISTOPHER A. BOYKO, J:**

  This matter is before the Court on the Motion of Defendants Village of Wellington and Mayor Barbara O'Keefe to Dismiss (ECF # 6). For the following reasons, the Court grants, in part, and denies in part, Defendants' Motion.

  According to the Complaint, Plaintiff Daniel C. Rosecrans ("Plaintiff") is a part-time police officer with the Village of Wellington. He alleges he was passed over for a promotion to full-time police officer position in favor of a younger officer. At the time he was passed over, Plaintiff was 47 years old. On September 28, 2014, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging he was denied promotion from part-time to full-time police officer due to his age. Plaintiff's EEOC Charge alleged this action violated the Age Discrimination in Employment Act

("ADEA"), the Americans with Disabilities Act ("ADA") and constituted retaliation under these statutes.  Plaintiff obtained a right to sue letter from the EEOC and filed his Complaint in this Court alleging Age Discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), (Count I) and Ohio Revised Code ("O.R.C.") Sections 4112.02, 4112.14 (Counts II & III) and Hostile Work Environment under § 4112 and § 4112.99 (Count IV) and Retaliation under O.R.C. 4112.02 and 4112.99 (Count V).  Plaintiff brings these claims against the Village of Wellington and Mayor Barbara O'Keefe in her individual capacity.

Defendants argue that Mayor Barbara O'Keefe ("O'Keefe") cannot be liable under the ADEA in her individual capacity because she is not an employer as defined by the statute.  Because only employers are liable under the ADEA, Plaintiff's ADEA claim against O'Keefe must be dismissed.  Defendants further contend Plaintiff's Ohio age discrimination claims brought under Sections 4112.02, 4112.14 and 4112.99 are all subject to dismissal because Ohio also requires Defendant be an employer in order to be subject to liability.

Defendants also argue that only § 4112.02(I) subjects a "person" to liability for discriminatory acts but O'Keefe is immune under § 2744.03(A)(6).  Because the Complaint alleges no facts against O'Keefe establishing individual discriminatory conduct, no liability may be imposed.

Defendants represent that the ADEA requires suit be filed within ninety days after receipt of a right to sue letter from the EEOC.  Plaintiff filed suit ninety-seven days after receipt of the right to sue letter, therefore, Plaintiff filed outside the statutory period.

Likewise, Defendants contend Plaintiff's state law claims were filed outside the 180

day limitation period and must be dismissed. Also, § 4112.14 claims are limited to hiring and firing. Since Plaintiff was not fired and was already employed as a part-time officer, Defendants believe the cause of action does not apply. In addition, Plaintiff elected to pursue administrative claims by filing a Complaint with the EEOC and Ohio Civil Rights Commission ("OCRC") and cannot bring an action in the court under Sections 4112.02 and 4112.14, which contain election-of remedies provisions.

Finally, Defendants contend Plaintiff's Complaint fails to allege any facts supporting Hostile Work Environment or Retaliation claims.

Plaintiff responds that the time stamp on his Right to Sue letter demonstrates receipt within ninety days of his filing of the Complaint. Plaintiff also contends that Ohio's immunity statute does not apply to a cause of action brought under § 4112.02(J), nor does it apply when conduct alleged under § 4112 was done maliciously in bad faith or in a wanton reckless manner as his Complaint alleges.

According to Plaintiff, Ohio applies a six year limitation period for claims brought under Sections 4112.14 and 4112.99, therefore, none of his claims brought under these statutes are time-barred. Furthermore, Plaintiff contends filing an EEOC claim automatically operates as a filing with the OCRC and because no substantive claim was brought before the OCRC, his filing does not constitute an election to pursue administratively his claims against Wellington.

Lastly, Plaintiff asserts that his Complaint pleads sufficient facts to support plausible claims for Hostile Work Environment and Retaliation.

## LAW AND ANALYSIS

### Standard of Review

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S. Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation.  *Id.* at 555.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.  A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged.  *Id.* at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully.  *Id.*  Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.* at 557.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*."  *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir. 2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir. 2007)). That is, "*Iqbal* interpreted *Twombly* to require more concrete allegations only in those

instances in which the complaint, on its face, does not otherwise set forth a plausible claim for relief." *Weisbarth*, 499 F.3d at 542. A complaint should be dismissed when it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**ADEA claim against O'Keefe**

The ADEA prohibits discrimination in the workplace by an employer based on age and reads in pertinent part:

> (a) Employer practices
> It shall be unlawful for an employer--
>> (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.

29 U.S.C. § 623.

The ADEA defines "employer" as:

> (b) ...a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year: *Provided,* That prior to June 30, 1968, employers having fewer than fifty employees shall not be considered employers. The term also means (1) any agent of such a person, and (2) a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State, and any interstate agency, but such term does not include the United States, or a corporation wholly owned by the Government of the United States.

Courts have consistently held that supervisors sued in their individual capacities are not employers under the ADEA. "Indeed, numerous courts, including this one, have held that supervisors, sued in their individual capacities, are not included within the statutory definition of "employer" under Title VII and its sister civil rights statutes, and accordingly cannot be

held personally liable for discrimination." *Hiler v. Brown*, 177 F.3d 542, 546 (6th Cir. 1999), see also *Smith v. Lomax*, 45 F.3d 402, 403 (11th Cir.1995). Most instructive is the Sixth Circuit case of *Wathen v. Gen. Elec. Co.,* 115 F.3d 400 (6th Cir.1997), wherein the court, in addressing sex discrimination claims under Title VII, held that an individual employee/supervisor, who does not otherwise qualify as an "employer," cannot be held personally liable under Title VII. *Id. at 405.* In reaching its decision, the Sixth Circuit observed that the "employer" definitions in Title VII and the ADEA are close counterparts.

> The liability schemes under Title VII, the ADEA, and the ADA are essentially the same in aspects relevant to this issue; they limit liability to the employer and use the term "agent" in defining employer. *See42 U.S.C. §§ 2000e–5(b), 2000e(b)* (Title VII); *29 U.S.C. §§ 626(b), 630(b)* (ADEA); *42 U.S.C. §§ 12112(a), 12111(5)(A)* (ADA). Because Title VII, the ADEA, and the ADA define "employer" essentially the same way, an analysis based on Title VII, the ADEA, and the ADA case law is appropriate. *See E.E.O.C. v. AIC Security Investigations, Ltd., 55 F.3d 1276, 1279–80 (7th Cir .1995)*. Hence, we refer to and rely on case law under Title VII, ADEA, and the ADA throughout our opinion.

*Wathen,* 115 F.3d at 404 n. 6.

The Sixth Circuit concluded it is " 'inconceivable' that a Congress concerned with protecting small employers would simultaneously allow civil liability to run against individual employees." *Id. at 406* quoting *Tomka v. Seiler Corp.,* 66 F.3d 1295, 1314 (2d Cir.1995)).

This conclusion was also reached by another Court in this district in a recent decision. See *Bailey v. E. Liverpool City Hosp.,* No. 4:14 CV 2809, 2015 WL 5102768, at *3 (N.D. Ohio Aug. 31, 2015). Plaintiff offers no rebuttal to Defendants' argument. Therefore, the Court finds O'Keefe cannot be held liable in her individual capacity as supervisor for alleged discrimination brought under the ADEA and the Court grants Defendants' Motion to Dismiss

Plaintiff's ADEA claim against O'Keefe.

### ADEA claim against Village of Wellington

Defendants moved to dismiss Plaintiff's ADEA claim against the Village of Wellington because it was filed more than ninety days after Plaintiff received his right to sue letter from the EEOC. In his Opposition, Plaintiff pointed the Court to the October 23, 2014 date of the EEOC letter to Plaintiff containing his right to sue notice. Plaintiff filed his Complaint on January 21, 2015, placing it within the ninety day filing period limitation. Defendants concede the matter and the Court denies Defendants' Motion to Dismiss Count I of Plaintiff's Complaint for ADEA discrimination against the Village of Wellington.

### Plaintiff's State law Claims Under O.R.C. § 4112.02 et seq. Against O'Keefe

Defendants raise a number of defenses to O'Keefe's liability on Plaintiff's claims brought under Ohio law. First, Defendants contend O'Keefe is not liable for age discrimination under Sections 4112.02, 4112.14 or 4112.99 because she is not an employer. She further argues she is immune under § 2744. O'Keefe also contends Plaintiff's § 4112.02 claims fail because they are subject to the 180 day limitation period found in § 4112.02(N). By filing with the OCRC, O'Keefe argues Plaintiff elected an administrative remedy and cannot pursue an action in Court. Lastly, O'Keefe asserts Plaintiff's claims fail to allege sufficient facts to support plausible claims for Hostile Work Environment and Retaliation under Ohio law and the Court must dismiss under United States Supreme Court pleading precedent.

Plaintiff does not offer any opposing argument to Defendants' contention that O'Keefe

is not an employer under Sections 4112.02 and 4112.14 and 4112.99. Plaintiff's only response to the argument is a quote from the Ohio Supreme Count in *Hauser v. Dayton Police Dept.* (2014) 140 Ohio St.3d 268, wherein the Court found that Sections 4112.02(A)(2) and 4112.02(A) apply only to employers. The Court continued that other provisions of § 4112.02 do in fact impose liability on employees, including § 4112.02(J), which imposes liability on employees for aiding and abetting discrimination.

O.R.C. §§ 4112.02(A) and 4112.14 expressly prohibit age discrimination by employers.

O.R.C. § 4112.02(A) reads :

It shall be an unlawful discriminatory practice:

> (A) For any employer, because of the race, color, religion, sex, military status, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

O.R.C. § 4112.14(A) reads:

No employer shall discriminate in any job opening against any applicant or discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee.

Defendants contend these provisions expressly prohibit discriminatory conduct by employers. In *Hauser*, the Ohio Supreme Court held " R.C. 4112.01(A)(1) and 4112.02(A) subject employers to vicarious liability and do not expressly impose liability on individual employees." *Hauser,* 140 Ohio St.3d at ¶ 12. O.R.C. § 4112.14 similarly applies only to

"employers."  Therefore, Plaintiff's age discrimination claims brought under Sections 4112.02(A) and 4112.14 fail against O'Keefe because she is not an employer as defined by statute or Ohio law.  Plaintiff has offered no law or argument against this position.

Any claims asserted by Plaintiff against O'Keefe under any subsection of § 4112.02 must also be dismissed because § 4112.02(N) imposes a 180 limitation period.

> (N) An aggrieved individual may enforce the individual's rights relative to discrimination on the basis of age as provided for in this section by instituting a civil action, within one hundred eighty days after the alleged unlawful discriminatory practice occurred, in any court with jurisdiction for any legal or equitable relief that will effectuate the individual's rights.

While the Complaint does not specify the date on which Plaintiff was denied the promotion, Plaintiff's EEOC charge attached to his Complaint places the date on or about June 2, 2014.  Plaintiff filed his Complaint on January 21, 2015, more than 180 days after he was denied the promotion.  Therefore, any claims brought under § 4112.02 are time-barred and must be dismissed.

Lastly, insofar as Plaintiff's Complaint asserts an Age Discrimination claim under § 4112.99, that provision is subject to the substantive provisions of Sections 4112.02 and 4112.14. See *Meyer v. United Parcel Service*, (2009) 122 Ohio St.3d 104 ¶1.   Because O'Keefe is entitled to dismissal of Plaintiff's age discrimination claims under Sections 4112.02 and 4112.14, the Court also dismisses Plaintiff's Ohio law age discrimination claims against O'Keefe brought under § 4112.99.

Plaintiff's claims against O'Keefe for Hostile Work Environment and Retaliation, both of which are brought under Sections 4112.02 and 4112.99, are also barred by § 4112.02(N)'s 180 day limitation period.  Plaintiff's Complaint alleges no facts, other than the failure to

promote, supporting either of these claims.

Even if the Court were to find the statutory limitation period does not bar his claims, the Complaint wholly fails to state sufficient facts to support these claims.  Both Plaintiff's Hostile Work Environment and Retaliation claims are stated conclusorily with no supporting factual allegations.

Under the heading "Factual Background" Plaintiff's Complaint alleges:

12. During all pertinent times herein, Rosecrans was and is employed as a part-time Police Officer with the Village of Wellington.

13. At the time that he was passed up for a full-time Police Officer position, Rosecrans was approximately forty-seven (47) years old.

14. During his tenure, Rosecrans was subjected to a hostile work environment. O'Keefe and Village of Wellington employees and/or agents engaged in conduct that was disrespectful, emotionally abusive, and intimidating relative to age.

15. During his tenure, Rosecrans was a loyal employee who diligently and competently worked for Defendants.

16. Throughout his employment, Rosecrans discharged all duties assigned to him competently and enjoyed an excellent reputation with regard to the high quality of his work.

17. At all relevant times hereto, Rosecrans was fully qualified for his position, performed the essential functions of his job within the reasonable expectations of his employer, and was a dedicated employee.

Plaintiff's Hostile Work Environment Complaint reads:

38. Defendants, by committing the acts alleged in this Complaint, violated O.R.C. 4112.02 and 4112.99 by retaliating against Rosecrans for opposing the hostile work environment based upon his age and his engaging in protected activities.

39. Rosecrans engaged in protective activity, Defendants knew of this protected activity, Defendants took adverse employment action against Rosecrans after learning of the protected activity, and there was a causal

connection between the protected activity and the adverse employment action.

"The Ohio Supreme Court generally follows the analytic framework established by federal case law for use under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., in interpreting and deciding age-discrimination claims brought under R.C. 4112.02." *Hidy Motors, Inc. v. Sheaffer,* 183 Ohio App. 3d 316, 323, (Ohio App. 2nd Dist 2009). "The criteria for a prima facie claim of a hostile environment under the ADEA are that (1) the employee is 40 years or older, (2) the employee was subjected to harassment, either through words or actions, based on age, (3) the harassment had the effect of unreasonably interfering with the employee's work performance and creating an objectively intimidating, hostile, or offensive work environment, and (4) there exists some basis for liability on the part of the employer." *Id*. citing *Crawford v. Medina Gen. Hosp.* 96 F.3d 830, 834–835 (6th Cir. 1996).

Other than alleging Plaintiff was 47 years old and was denied a promotion which was given to a less qualified, substantially younger individual, the Complaint is utterly devoid of factual allegations supporting a plausible hostile work environment claim. Plaintiff's claim merely alleges the elements of a Hostile Work Environment claim without factual allegations. This pleading fails the *Twombly/Iqbal* pleading requirements and the Court dismisses Plaintiff's Hostile Work Environment claim.

Concerning Plaintiff's Retaliation claim against O'Keefe, Ohio law requires Plaintiff establish that "(1) she engaged in a protected activity, (2) the defending party was aware that the claimant had engaged in that activity, (3) the defending party took an adverse employment action against the employee, and (4) there is a causal connection between the protected

activity and adverse action." *Greer-Burger v. Temesi,* (2007) 116 Ohio St. 3d 324, 327, *Canitia v. Yellow Freight Sys., Inc.* (C.A.6, 1990), 903 F.2d 1064, 1066. Plaintiffs Retaliation claim reads:

> 42. Defendants and Campbell, by committing the acts alleged in this Complaint, violated O.R.C. 4112.02(I) and 4112.99 by retaliating against Rosecrans for opposing the hostile work environment based upon age and his engaging in protected activities.
>
> 43. Rosecrans engaged in protective activity, Defendants knew of this protected activity, Defendants took adverse employment action against Rosecrans after learning of the protected activity, and there was a causal connection between the protected activity and the adverse employment action.

Plaintiff's Retaliation claim also fails to assert factual allegations that would support a plausible claim for Retaliation under Ohio law. Plaintiff fails to allege a protected activity that prompted an adverse employment act by Defendants. The filing of the EEOC complaint is the only protected activity alleged in the Complaint but that cannot form the basis of a Retaliation claim since he filed it after the adverse action. Without more, this claim also fails to state a claim and is dismissed as to O'Keefe.

**Claims brought under Sections 4112.02 et seq. and 4112.99 Against Village of Wellington**

As previously discussed, O.R.C. § 4112.02(N) places a 180 day statutory limitation period on any claims brought under § 4112.02. Thus, any of Plaintiff's claims premised on liability under § 4112.02 are time barred.[1] This includes Count II Age Discrimination, Count

---

[1] Although Plaintiff's Hostile Work Environment claim is captioned O.R.C. 4112.et seq and 4112.99, in paragraph 38 of the Complaint Plaintiff expressly limits his causes of action as being brought under Sections 4112.02 and 4112.99.

IV Hostile Work Environment and Count V Retaliation. Because Plaintiff's § 4112.99 claims are subject to the substantive requirements of § 4112.02 as held in *Meyers*, these claims also fall outside the 180 statutory limitation period and fail as a matter of law. Again, Plaintiff raised no argument against application of the 180 day limitation period for claims brought under Sections 4112.02 and 4112.99.

Furthermore, for the reasons discussed above, Plaintiff's Hostile Work Environment and Retaliation claims must also be dismissed because they fail to allege sufficient factual allegations rendering them plausible.

**Age Discrimination claim brought under 4112.14 against Village of Wellington**

Plaintiff's remaining claim for Age Discrimination under state law alleges Plaintiff was unlawfully discriminated against when Defendant failed to hire him for the full-time police officer position based on his age.

O.R.C. § 4112.14 reads:

(A) No employer shall discriminate in any job opening against any applicant or discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee.

(B) Any person aged forty or older who is discriminated against in any job opening or discharged without just cause by an employer in violation of division (A) of this section may institute a civil action against the employer in a court of competent jurisdiction. If the court finds that an employer has discriminated on the basis of age, the court shall order an appropriate remedy which shall include reimbursement to the applicant or employee for the costs, including reasonable attorney's fees, of the action, or to reinstate the employee in the employee's former position with compensation for lost wages and any lost fringe benefits from the date of the illegal discharge and to reimburse the employee for the costs, including reasonable attorney's fees, of the action. The remedies available under this section are coexistent with remedies available pursuant to sections 4112.01 to 4112.11 of the Revised Code; except that any

13

person instituting a civil action under this section is, with respect to the practices complained of, thereby barred from instituting a civil action under division (N) of section 4112.02 of the Revised Code or from filing a charge with the Ohio civil rights commission under section 4112.05 of the Revised Code.

Because O.R.C. § 4112.14 permits a claim for age discrimination in relation to a job opening this section properly applies to the facts in this case. However, Ohio discrimination law under § 4112 requires a Plaintiff elect either an administrative or judicial remedy when alleging unlawful age discrimination. When a plaintiff elects to pursue an administrative claim he or she is prohibited from filing a claim arising from the same allegations in court. This election requirement is codified in O.R.C. § 4112.08, which reads in pertinent part: "...any person filing a charge under division (B)(1) of section 4112.05 of the Revised Code, with respect to the unlawful discriminatory practices complained of, is barred from instituting a civil action under section 4112.14 or division (N) of section 4112.02 of the Revised Code."

O.R.C. § 4112.05 permits the filing of an administrative action with the Ohio Civil Rights Commission. "Any person may file a charge with the commission alleging that another person has engaged or is engaging in an unlawful discriminatory practice." O.A.C. § 4112-3-01(D)(3) holds that a charge filed with the EEOC is deemed filed with the OCRC. See *Neal v. Franklin Plaza* No. 91722 2009 WL 1156706 *4 (Ohio Ct. App 8th Dist April 30, 2009).

Because Plaintiff filed a charge with the OCRC he is precluded from bringing an O.R.C. § 4112.14 claim in court.[2] The Court finds persuasive *Williams v. Allstate Insurance*

---

[2] There is a split within the Sixth Circuit on whether a mandatory filing of an EEOC charge in order to pursue a federal remedy under the ADEA constitutes an election to pursue a state law administrative claim under Ohio law. While the

*Co.,* No. 5:04cv2435, 2005 WL 1126761 (N.D. Ohio April 19, 2005), wherein the Court dismissed Plaintiff's state age discrimination claim, finding Plaintiff's filing with the EEOC constituted a filing with the OCRC. The Court recognized, "Ohio law presently allows for a few narrow exceptions for a plaintiff to file both state and federal discrimination claims, though it admittedly assumes a sophistication of, and deep familiarity with the law by, the general public that is rather unrealistic." *Id.* at *4. These exceptions include indicating on the EEOC /OCRC filing that such filing is not intended to pursue an administrative claim but is filed simply to comply with the ADEA requirement that such claim must first be filed with the EEOC. Also, a plaintiff may first file a state law claim and then pursue an ADEA claim. Plaintiff did not pursue either of these courses of action.

The Court finds Plaintiff elected to file a charge with the EEOC/OCRC and such election precludes him from filing a claim of age discrimination under O.R.C. § 4112.14.

Therefore, for the foregoing reasons, the Court dismisses all claims against O'Keefe in her individual capacity and dismisses all but Count I of Plaintiff's claims against the Village of Wellington. The case shall proceed on Plaintiff's ADEA claim against the Village of Wellington.

IT IS SO ORDERED.

---

Sixth Circuit and the Ohio Supreme Court have not determined the issue directly, the Court agrees with those district court and Ohio appellate court decisions holding that Ohio law as presently written compels the conclusion that an EEOC filing presents an election of an administrative remedy under Ohio law and forecloses a plaintiff from bringing an action under § 4112.14. See *Neal v. Franklin (*supra) *Senter v. Hillside Acres Nursing Ctr.*, 335 F. Supp.2d 836, 848 (N.D. Ohio 2004)

                                            s/ Christopher A. Boyko
                                            CHRISTOPHER A. BOYKO
                                            United States District Judge

Dated: January 14, 2016